IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RODERICK JEROME MOORE | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-90 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Roderick Jerome Moore, a prisoner currently confined at the Alfred Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

Petitioner filed this petition for writ of habeas corpus on the form application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a November 9, 2018 conviction for assault against a public servant in Cause Number F-1823455 in the 420th Judicial District Court of Nacogdoches County, Texas. Petitioner states he was sentenced to a seven year term of imprisonment. Petitioner states he did not appeal the conviction or sentence, nor did he file a petition for discretionary review. Petitioner also denies filing a state application for writ of habeas corpus.

The Petition

Petitioner argues the following points of error:

1. Falsifying indictment. Petitioner alleges the grand jury handed down the indictment in January of 2018 which is false as the incident did not occur until April 5, 2018. Petitioner alleges cruel and unusual punishment as a result.

2. Use of excessive force by county jailers. Petitioner alleges he was having a mental breakdown on April 5, 2018 which was documented on camera. He contends the jailers approached him in an aggressive manner and started assaulting him, using unnecessary excessive force. Petitioner alleges cruel and unusual punishment as a result.

Analysis

Petitioner does not specify what relief he is seeking. While he filed the Petition on the form application for a write of habeas corpus, Petitioner appears to allege civil rights violations. For the reasons set forth below, to the extent Petitioner is challenging his conviction and sentence through a petition for writ of habeas corpus, the Petition should be dismissed for failure to exhaust administrative remedies and as time-barred. To the extent Petitioner is seeking monetary damages through a civil rights action filed pursuant to 42 U.S.C. § 1983, Petitioner's claims are *Heck*-barred.

*Exhaustion of Administrative Remedies*

Title 28 U.S.C. § 2254 allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a prerequisite to obtaining relief under § 2254, a prisoner must exhaust all remedies available in the state system before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. §

2254(b) and (c).

A prisoner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, a petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 2014 (5th Cir. 2004). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

As outlined above, Petitioner has not presented his claims to the Texas Court of Criminal Appeals by filing a state application for habeas relief. As such, Petitioner has not exhausted state court remedies with respect to his federal habeas claims. Accordingly, this petition should be dismissed for failure to exhaust administrative remedies.

*Statute of Limitations*

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. 104-132, 110 Stat. 1218, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one year period is calculated from the latest of either (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which an impediment to filing an application created by State action in violation of

3

the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d) (1)(A)-(D).

Ordinarily, the one-year limitation period starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the state court conviction became final on December 10, 2018, thirty days after the judgment was entered. TEX. R. APP. P. 26.2(a)(1) (thirty days to file direct appeal). Because Petitioner filed his federal petition more than one year after his conviction became final, a literal application of Section 2244(d)(1) renders his May 25, 2022[1] filing untimely. Petitioner puts forth no argument that he is entitled to statutory or equitable tolling and there is nothing on the current record to suggest either is warranted.

*Civil Rights Claims*

To the extent Petition asserts violations of his constitutional rights pursuant to 42 U.S.C. § 1983 as they relate to his conviction for assault of a public servant, any such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a prisoner may not "seek[] damages in a § 1983 suit" if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. The fundamental rationale behind the *Heck* bar is that "[c]hallenges to the *validity* of any confinement or to particulars affecting its *duration* are the province of habeas corpus," whereas "requests for relief turning on *circumstances of confinement*

---

[1] The date Petitioner certified he placed the petition in the prison mailing system.

may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (emphasis added). A claim is barred only if granting it "requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Here, Plaintiff alleges he was subjected to excessive use of force during the altercation wherein he was charged and ultimately convicted of assault on a public servant. Any such finding in Petitioner's favor would "negate" an element of his criminal offense or require proof of a fact that is inherently inconsistent with the underlying criminal conviction and imply the invalidity of his conviction or sentence. Plaintiff's civil rights claims, to the extent they exist, are thus *Heck*-barred.

*Rule 4*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibit annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (stating that the district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent to file an unnecessary answer). Consequently, the petition should summarily be dismissed under Rule 4.

Recommendation

Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be dismissed with prejudice for failure to exhaust administrative remedies and as time-barred. To the extent Petitioner asserts civil rights violations, they should be dismissed as *Heck*-barred.

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 14th day of June, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE